## PARTITION WHERE TITLE TO THE PROPETTY IS IN DISPUTE.

Superior Court of Cincinnati.

McNeely v. City of Cincinnati et al and Gray v. McNeely.*

Decided, February, 1906.

*Partition—Now a Part of the Code—Title in Dispute to Property Involved—Jurisdiction—Statute of Limitations—Necessity for Appointing a Trustee to Make Title—Condemnation of Land for Street—Parties—Adverse Possession of Municipality—Rights of Unborn Issue of Life Tenants in Tail—Law and Equity.*

1. Under the law of Ohio a court is not ousted from jurisdiction in a partition case by the filing of a petition denying title and setting up the statute of limitations, nor is it necessary that the case be held pending a determination of the questions of title in a court at law, but the court has full authority under its equity powers to itself determine the disputed questions of title.

2. Where the life tenants of an estate tail under a will which provided that the remainder should go to his or her issue for life, with the next remainder in tail to unborn issue, where not made parties to an action for the appropriation of land for street purposes, the adverse possession of the municipality for more than twenty-one years does not deprive such subsequent life tenants of title until the requisite period after their right of entry accrued.

* Since this case was decided, the point that no possession can be deemed adverse to a party who has not at the time the right of entry and possession has been finally determined by the Supreme Court in another case. See *Webster* v. *P., C. & T. R. R. Co.*, 78 Ohio St., 87.

*Edwards Ritchie* and *Saul Zielonka*, for plaintiff.

*Charles J. Hunt; Albert H. Morrill, I. L. Huddle, Charles Broadwell, Chas. H. Urban, Thos. J. Brock, Ben B. Dale, Jerome D. Creed* and *Turnipseed & Morgan*, contra.

Hoffheimer, J.

This was a civil action under the code, for equitable partition. Plaintiff claims he has the legal right to the possession of and is

the owner in fee simple of a certain undivided part of the real estate set out in the petition. The interest in such lands thus set out, as claimed by the defendants, also appears from the pleadings. It is claimed that the real estate in question can not be divided in partition by metes and bounds without manifest injury to the same, and that it will have to be sold in order that the parties may realize the fair value thereof. Plaintiff prays that a trustee be appointed to represent the interests of parties who can not now be determined, and who, upon the decease of certain parties hereafter to be mentioned, will be entitled to a certain interest in a fee simple part of the four and twenty-one hundredths part of the real estate in question. It is urged that a trustee will be necessary to protect said interests, and to make title to the premises herein. All the defendants, except the city of Cincinnati, admit the plaintiff's title and join in the prayer for partition.

The original answer of the city of Cincinnati, was practically a general denial. The case was submitted to the court on an agreed statement of facts, and on the evidence adduced by the plaintiff. The defendant, the city of Cincinnati, offered no evidence. Before the case was finally submitted, however, the city filed an amended answer, denying title and set up the plea of the statute of limitations, the purpose of which was to oust this court of jurisdiction and remit the parties to an action at law and a trial of the issues herein raised by a jury.

At the threshhold of the case, therefore, we are met by the question as to whether this court has power to further proceed in the matter to determine disputed questions of title, and then decree partition. The claim of the city practically amounts to this: That under the allegations of the amended answer, disputed questions of title can not be determined in this proceeding, and the court must either send these issues to a court of law to be tried by a jury, or hold this action, pending such decision. The city relies principally upon *Delaney* v. *McFadden,* 7 O. W. L. B., 266; *McBain* v. *McBain,* 15 O. S., 335, 350, and likewise a number of authorities of other jurisdictions. The case having been submitted on *an agreed statement of fact,* with

out any express stipulation reserving the questions raised after the submission of such agreed statement of fact, it is a question whether or not, the city has not waived the objection now made by it. See *Culver* v. *Rodgers*, 33 O. S., 537, 541, 543, 544; *Byers* v. *Weckham*, 16 O. S., 441, 443; *Bonewitz* v. *Bonewitz*, 5 O. S., 373, 377; *Russell* v. *Loring*, 3 Allen, 121.

I am of opinion that the cases relied on by defendant, the city of Cincinnati, do not support the contention of the city. In *Delaney* v. *McFadden, supra,* it will be found that the exact question presented here was not before the court in that case, and although the court did not decide that title could be determined, yet by fair implication, it seems that the court may do so. At page 207 of that decision, the court says:

"While in an ordinary action under the code for partition, it would, and in the proceeding under the statute it might, be error in the court to refuse to receive proof, because of a mere denial that plaintiff was seized."

And in *McBain* v. *McBain, supra,* it is not decided that title to property in controversy can not be determined by the court.

Authorities of other states to which I am cited, are of little avail, for although the doctrine contended for by the defendant, the city of Cincinnati, appears to obtain in many states, and indeed, seems to be sustained by the weight of authority, it is, nevertheless, not the law of this state. Our courts, it seems, are vested with more ample powers under the circumstances than the courts of other states, notably those to which I am cited. Freeman in his work on "Co-tenancy and Partition" calls attention to this very condition, and he says:

"In several of the states, the courts having jurisdiction over partition are entrusted with more ample powers than those elsewhere exercised by courts proceeding in conformity with the common and statute law of England. This is particularly so in disputes concerning title. Such disputes may in the states referred to, be tried and conclusively determined, and no necessity exists for referring any of the issues to some other tribunal for trial." See Freeman on "Co-tenancy and Partition," Section 503, and cases cited, including *Perry* v. *Richardson*, 27

O. S., 110. See also, 6 Pom. Eq. Jur., Section 712 (1906), and cases cited.

That the answer denying title, and setting up the plea of statute of limitations, does not oust the court of jurisdiction, necessitating a trial of the issue by jury, seems not only established in *Perry* v. *Richardson, supra,* but also by the later case of *Hogg* v. *Beerman,* 41 O. S., 81. In both of these cases, defendants denied the plaintiff's title and set up the statute of limitations. The question of title was decided and partition was accordingly decreed. Prior to the revision of the statutes in 1880, a partition proceeding was a special proceeding, and not a civil action, but now a partition proceeding is no longer a special proceeding but is a part of the code. *Swihart* v. *Swihart,* 7 C. C., 338, 344 (Moore, Seney and Day, JJ.). So that the action before me is a civil action (*Klever* v. *Seawell,* 65 Fed. Rep., 393) for equitable partition. And while, in all probability, all actions for partition are now equitable, as this particular case at bar necessitates special equitable relief, viz., the appointment of a trustee in order to make title and to protect the rights of persons at this time unascertainable, there can scarcely be any doubt as to the jurisdiction of this court.

Having thus concluded that notwithstanding the allegations of the defendant, the city of Cincinnati's amended answer, that this court has full power to determine disputed questions of title, we proceed to that part of the case, and to an investigation of the involved questions of title. I may say that the agreed statement of fact shows that all the parties acquired their property from a common source, viz, one Samuel Stitt, who died in the year 1847, and whose will was subsequently before our Supreme Court for construction. The plaintiff and the defendants (except the city of Cincinnati) claim title as the devisees of said Samuel Stitt, deceased. The city, it seems, acquired what title it has, by conveyances from some of the heirs or devisees of Samuel Stitt, deceased, and condemnation proceedings. The parties now claiming were devisees of said Samuel Stitt, deceased, who were not made parties to any condemnation proceed-

ings, nor to deeds conveying the real estate in question to the
city, nor were they in any way represented in said proceedings.
As the parties claiming title in this case were complete strangers
to said proceedings, their rights, if any they had, were not con-
cluded by said proceedings.    See *Young* v. *Heffner*, 36 O. S.,
238; *McArthur* v. *Scott*, 113 U. S., 340.

From the agreed statement of facts, and from the evidence,
I find as follows:

Samuel Stitt died in the year 1847, leaving a will.  The sixth
clause of said will was as follows:

"In case of the death of one or more of said children, leav-
ing issue of his, her or their bodies, at the time this devise takes
effect, it is my wish and I do hereby order and direct that such
issue, for and during the terms of their natural lives, shall take
under this, my will, precisely in the same manner as the im-
mediate ancestor or ancestors of said issue would have taken had
he, she or they been then in being; and at the decease of any of
the said devisees who shall have taken at the time aforesaid for
the term of his, her or their natural lives, I give and devise the
shares so given and taken aforesaid to the issue of such devi-
sees so dying, share and share alike, for their lives respectively;
and again, at the death of the issue last aforesaid, or any of
them, I further give and devise respectively, the share or estate
of the said issue, or any one of them dying, to the issue of said
issue or any of them, share and share alike, for the terms of
their natural lives; and in this manner, down in entailment
as far as may be allowed by the statute in such cases made and
provided."

Said will is dated February 26, 1844, and was probated in
Hamilton County Probate Court October 5, 1847.    (Par. 20,
agreed statement of facts.)

Nancy Wilson, sister of Samuel Stitt, died leaving three
children:   Nancy Wilson, Jr., Jane Wilson McNeely and Wil-
liam Wilson.

Nancy Wilson, Jr., died, leaving Mrs. M. A. Gibson, an illegiti-
mate child.

Jane Wilson McNeely died, leaving seven children as fol-
lows:   1, James C. McNeely, born 1832, died May 17, 1903;  2,
Eliza Jane McNeely, born 1834;  3, Mary Keown, born 1839;

4, William McNeely, born 1842; 5, Agnes McNeely Cluggish, born 1844, died November 8, 1902; 6, Samuel McNeely, born 1846; 7, Hamilton McNeely, born 1849.

William Wilson died in 1850.

James C. McNeely, son of Jane Wilson McNeely, died May 17, 1903, leaving three children: John W., Anna McNeely Owens and Rachel McNeely Gray.

William McNeely, son of Jane Wilson McNeely, disappeared and has not been heard of by his wife, child or relatives for a period of more than seven years prior to the filing of this action. Plaintiff, Harry McNeely, is the sole child of said William McNeely.

Agnes McNeely Cluggish died November 8, 1902, leaving nine children, as follows: 1, Richard Cluggish; 2, Robert Cluggish; 3, Jennie Cluggish Harrison; 4, William Cluggish; 5, Samuel Cluggish; 6, Hamilton Cluggish; 7, Maud Cluggish Cummings; 8, Walter Cluggish; 9, Clarence Cluggish.

Samuel Stitt died seized of the property described in the petition (see agreed statement of facts, par. 1), and this property was devised according to the sixth section of the will, as hereinbefore set out.

This will of Samuel Stitt, deceased, has been construed by our Supreme Courts in 11 O. S. Reports, 131, title of the case being "Hugh Gibson and Mary Ann Gibson, wife, v. William McNeely and Jane McNeely, his wife, and others.

According to the construction placed by the Supreme Court upon the sixth clause, of said will, Nancy Wilson, Jr., Jane Wilson McNeely and William Wilson each received a life estate in the undivided third part of the premises devised, remainder for life as tenant in tail of each one's share to his or her issue; remainder in tail to the unborn issue, which gives them the fee.

Mrs. M. A. Gibson therefore, received a life estate in the same property formerly held for life by Nancy Wilson, Jr.; the seven children of Jane McNeely received a life estate in the same property formerly held for life by their mother, and William Wilson's child received a life estate in the same property formerly held by his father, if living.

The children of James C. McNeely, Eliza Jane McNeely, Martha McNeely Keown, William McNeely, Agnes McNeely Cluggish, Samuel McNeely, Hamilton McNeely, following the construction of this will in 11 O. S., 131, are entitled to an undivided third part of the fee simple property described in the petition, after the termination of the life estate. That is to say, that the heirs of each of the children of Jane McNeely, deceased, are entitled to one-seventh (seven children of Jane McNeely) of one-third, equaling one-twenty-first part of the fee simple estate. Harry McNeely, being the sole child of William McNeely, deceased, on proof of his father's death, would be entitled to one-twenty-first part of the fee simple estate.

Jane W. McNeely, Anna McNeely Owens and Rachel Gray are each entitled to one-third of one-seventh of one-third, equaling one-sixty-third part of the fee simple estate.

Richard Cluggish, Jennie Harrison, Robert Cluggish, William Cluggish, Samuel Cluggish, Hamilton Cluggish, Maud Cummings, Walter Cluggish and Clarence Cluggish are each entitled to one-ninth of one-seventh of one-third, equaling one one-hundred and eighty-ninth part of the fee simple estate.

The owners of the remaining four-twenty-first part of the fee simple estate, can not now be determined, as Eliza Jane McNeely, Martha Keown, Samuel McNeely and Hamilton McNeely are alive.

The undivided two-third part of the fee simple property described in the petition, descended to the heirs of Samuel Stitt, deceased, who were: Nancy Wilson, Jr., Jane McNeely and William Wilson, children of Nancy Wilson. 11 O. S., 135.

The city of Cincinnati acquired the undivided two-third part of the fee simple estate by legal proceedings to condemn the property for street purposes, and by various deeds. (See agreed statement of facts, par. 6, 3, 4, 5.)

The city of Cincinnati also acquired the life estates of Samuel McNeely, Hamilton McNeely, Agnes Cluggish, Martha Keown, Elizabeth McNeely, James C. McNeely and William McNeely. (See agreed statement of facts, par. 7, 9, 10, 11, 12, 13, 14 and 15.)

Neither plaintiff nor the defendants, except the city of Cincinnati, were parties to the legal proceedings; nor were they represented. (See *Youngs* v. *Heffner, supra; McArthur* v. *Scott, supra.*)

The city of Cincinnati had been in open, notorious and adverse possession of the property described in the petition for more than twenty-one years prior to the filing of this suit. But this does not affect the rights of these parties, because of the date at which their right of entry accrued, as will be shown. 29 O. S., 379, 397, 398; 17 O. S., 374.

According to the construction of the will Samuel Stitt, deceased, in *Gibson* v. *McNeely, supra,* the parties to this suit, except the city of Cincinnati, are entitled to certain undivided parts of the fee simple estate, determined on the life estates of their parents.

1. *As to Harry McNeely.* Harry McNeely, as appears from the above findings, was the son of William McNeely. According to proof, his father was absent from home and not heard of for more than seven years prior to the bringing of this suit. A legal presumption of death therefore arose. The *prima facie* evidence of his death was not rebutted by counter-proof (*Youngs* v. *Heffner,* 36 O. S., 233). Harry McNeely is therefore entitled to whatever rights he may have in the property as though his father were proven dead. The life of said William McNeely having determined, I therefore find his son, Harry E. McNeely, to be seized of an absolute estate in fee simple, and entitled to the possession of an undivided one-twenty-first part of the premises. His right of entry accrued in 1898 (see record, page 31). See, also, *Carpenter* v. *DeNoon,* 29 O. S., 379, par. 9.

2. *As to the children of Agnes McNeely Cluggish.* Agnes McNeely Cluggish having died November 8, 1902, and her life estate having thus determined, I find her children, Richard, Robert, Jennie Cluggish Harrison, William, Samuel, Hamilton, Maud Cluggish Cummings, Walter and Clarence, each to be seized of an absolute estate in fee simple, and are entitled to the possession of an undivided part respectively, amounting to one one-hundred and eighty-ninth part of the fee simple estate.

Their right of entry accrued at the death of their mother, November 8, 1902.

3. *As to the children of James C. McNeely.* James C. McNeely having died May 17, 1903, and his life estate having thus determined, I find his children, Jane W., Ann McNeely Owens and Rachel Gray, are seized of an absolute estate in fee simple and are each entitled to the possession of an undivided one-sixty-third part of the fee simple estate. Their right of entry accrued at the death of their father, May 17, 1903.

4. Eliza Jane McNeely, Martha Keown, Samuel McNeely, Hamilton McNeely, children of Jane McNeely, are as already shown, still alive. Whatever reversionary interests there may be at their deaths, will, under the construction placed upon the will by our Supreme Court (if they die without issue) go to the respective heirs at law of Samuel Stitt, not as devisees, but as heirs (see 11 O. S., 135). But if they die leaving issue, such issue will take in accordance with the opinion. It therefore becomes necessary to appoint a trustee to protect the rights of those not yet ascertained, and to satisfy such future interests as they may arise. And the court will appoint such trustee when the decree is drawn. This trustee shall receive and hold the value of an undivided four-twenty-first part of the fee simple estate, to which the unascertained and unknown owners, for whose benefit the trustee is to be appointed, will be entitled. At this point, it is well to call attention to the fact that the original petition asks that a trustee be appointed to receive and hold the value of six-twenty-first part of the fee simple estate, and that the supplemental petition askes for the appointment of a trustee to take charge of the value of four-twenty-first part. The difference is caused by the fact that the original petition herein was filed September 27, 1900. Since the filing thereof, James C. McNeely and Agnes McNeely Cluggish have died leaving children.

5. The city of Cincinnati is seized in fee simple and is entitled to the possession of an undivided fourteenth-twenty-first part of the property, and also the life estates of the other parties above set out. As these co-parceners are seized of the parts

of the fee simple estate as above set forth, and are entitled to the possession of the undivided parts thereof, and as the property can not be divided into metes and bounds without manifest injury to the value of same, the plaintiff is entitled to partition' as prayed for, and the decree may be drawn in accordance therewith. If the parties can agree upon the name of the trustee to be appointed, such party will be appointed. Otherwise, the court will appoint a proper and suitable person to serve in the capacity mentioned.

Decree accordingly.

## GRAY v. McNEELY.

HOFFHEIMER, J.

The foregoing opinion in *McNeely* v. *The City of Cincinnati et al,* was handed down some time since, but by agreement of counsel and the parties, the decree was withheld because in the case of *Rachel Gray* v. *John M. McNeely et al,* No. 52246, Superior Court of Cincinnati, similar questions were. involved and counsel asked leave to make other parties in lineal descent parties defendant. Leave having been granted, there was practically a rehearing covering all the questions previously considered and as to the former and the new parties. Able arguments were made on the rehearing, and elaborate briefs were submitted, but it is impossible for this court to reach any other conclusions than those heretofore set out without refusing to follow the decision of *Gibson* v. *McNeely,* 11 O. S., 131, wherein the will involved herein was construed and this the court declines to do. Let a decree therefore be drawn in accordance with the opinion heretofore rendered by this court in *McNeely* v. *City of Cincinnati,* No. 50855.