## No. 302
## SCHWARTZ v. FRANKEL

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2671. Decided Oct. 19, 1925

297. CONTRACTS—When a contract is ambiguous and indefinite, so as to be impossible of interpretation, the only relief a court can give is to place the parties in status quo.

941. PRACTICE AND PROCEDURE—The Common Pleas Court has no power to enter judgment in a case brought on error to that court, but must remand the case to the lower court for new trial.

PER CURIAM

This case was originally brought by Isaac Frankel in the Cincinnati Municipal Court; against Max Schwartz seeking the return of $520 earnest money. Judgment favored Schwartz and error was taken to the Hamilton Common Pleas which reversed the decision of the Common Pleas and entered judgment for Frankel.

The contract out of which the controversy arose is briefly as follows: Schwartz wrote to a real estate agent offering the terms he would give for the purchase of property. The terms of the offer were accepted by the agent and $500 was given to bind the bargain by Schwartz and accepted by the agent. Later Schwartz assigned his rights under the contract to Frankel for a consideration who also gave Schwartz $500 to reimburse him for the money he had given to the agent.

There is no memorandum in writing signed by Frankel, but an oral agreement was admitted in the amended petition whereby he agreed to take the contract as indorsed by Schwartz.

By the written assignment of the transfer of Schwartz's right to Frankel, if Schwartz is allowed to retain the $500 he has a right to collect the whole amount of the purchase price and Frankel would therefore have to look to the agent for his title. On error, the Court of Appeals held:

1. Was it the intention of the parties that Frankel should pay Schwartz $57,750 for the right to pay the agent $55,000 for a deed to the property? This question shows the ambiguity and indefiniteness of the contract and assignment.

2. Under the terms of the agreement, it is impossible to decide what kind of a title Frankel was to receive.

3. It may be claimed that under the pleadings and oral evidence offered, the contract is explained; but if the court considers the evidence, a new contract is set up in place of the one in writing.

4. It is impossible to render justice in this case except by placing the parties in status quo, and the Common Pleas erred in awarding the judgment to Frankel.

5. All the power the lower court had in this case was to remand the case for new trial.

6. Therefore the judgment of the Common Pleas will be modified by striking out the judgment for Frankel and remanding the case to the Municipal Court for new trial.

Judgment accordingly.

Attorneys—Gusweiler, Fox, Foster, Lambert & Davis for Schwartz; Pogue, Hoffheimer & Pogue for Frankel; all of Cincinnati.

## No. 303
## RUSKIN v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6648. Decided Dec. 21, 1925

480. EVIDENCE—To convict in a case of perjury, the state must show corroborative evidence of the false testimony.

SULLIVAN, J.

This case came up on error from the Cuyahoga Common Pleas where Samuel Ruskin was convicted of subordination of perjury. The conviction was upheld upon appeal. A motion for rehearing was made and granted on the ground that there was an entire absence of corroborative evidence as to the false testimony in the record. The Court of Appeals held:

1. "A peculiarity of this offense (perjury) relates to the number and corroboration of witnesses - - - - oath against oath is not sufficient - - - - the testimony of the one witness is corroborated or sustained by other facts appearing in the case or testified to by other witnesses."

2. "Corroborative evidence must be such as gives a clear preponderance to the evidence in favor of the state, and establishes the falsity of the oath upon which perjury is assigned, beyond a reasonable doubt, 66 OS. 35.

3. To find an indictment for perjury, there should be more than evidence to counterbalance the witness's oath and the presumption of the evidence, that is, there must be some corroboration." 7 O.N.P. 450.

4. Applying the authorities upon the subject, no corroborative evidence to support the testimony as to the corpus delict, is found in the instant case.

Judgment reversed.

Attorneys—J. C. Bloch for Ruskin; E. C. Stanton for State; both of Cleveland.